IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

IN RE:

TIMOTHY J. McCARTHY and
PAMELA McCARTHY,

(Chapter 7)

Debtors.

Case No. 15-13380

MEMORANDUM DECISION

Debtors Timothy and Pamela McCarthy (the McCarthys) claimed an exemption for a closely held business interest. The Chapter 7 trustee objected. A final hearing on that objection was held on January 6, 2016, at which the matter was taken under advisement.

On December 20, 2006, Mr. McCarthy and his step-son, Cory Acker, bought a duplex for approximately $275,000. $218,400 of the purchase price was funded by a note and mortgage, on the duplex, executed by Mr. McCarthy and Mr. Acker. The remainder, $58,480.02, was paid by the McCarthys from a home equity loan secured by their personal residence. Mr. Acker was 21 years old at the time of the purchase. Mr. Acker has occupied the upper flat of the duplex since it was purchased. The lower flat has been leased to a tenant. Nearly all the payments made on the mortgage have been made by the McCarthys.

In 2006, 2007, and 2008 the McCarthys did not claim any income or expenses related to the duplex on their tax returns. However, on November 1, 2009, the McCarthys formed TPC Investments LLC (TPC) for the purpose of taking tax deductions for the losses and depreciation from the rental unit.[1] Since 2009, the rent for the lower flat has been deposited into the bank

---

[1] Pursuant to the TPC Investment, LLC Operating Agreement, the Timothy J. McCarthy and Pamela J. McCarthy Revocable Living Trust, dated November 7, 2006, owned 95% of the LLC and Acker owned the remaining 5%.

1

account owned by TPC, and has been claimed by the McCarthys as income for tax purposes. They have also claimed one-half of the common expenses of the property in their tax schedules.

Mrs. McCarthy has acted as the bookkeeper for TPC since its inception and Mr. McCarthy has performed maintenance of the lower flat since 2007. Mrs. McCarthy has never been actively involved in the repair and maintenance of the duplex.

The McCarthys seek to exempt under Wis. Stat. § 815.18(3)(b)(2) their $30,000 interest in the duplex.[2] They argue that they have been operating the duplex as a partnership and, thus, that each spouse's ownership interest in the property constitutes an ownership interest in a closely held business. The McCarthys testified that they intended to form a partnership to operate the rental business, that they have a community of interest in the capital employed to operate the business (as a portion of the sale price came from their home equity and they have made the bulk of the mortgage payments), that they share in the management decisions regarding the business, that they share and distribute the profits and losses (as evidenced by Schedule E of their 2009 to 2014 joint tax returns), and that they were both involved in operating the rental business from 2007 to 2015.

The trustee argues, but offers no direct evidence, that the McCarthys never formed, nor did they intend to form, a partnership. And, relying on *Tralmer Sales and Service, Inc. v. Erickson*, 521 N.W.2d 182 (Wis. Ct. App. 1994) and *Skaar v. Wisconsin Dept. of Revenue*, 211 N.W.2d 642 (Wis. 1973), the trustee argues that the McCarthys' failure to file partnership tax returns is highly probative of a lack of intent to form a partnership.

Wis. Stat. § 815.18(1) codifies the liberal construction of exemption statutes in Wisconsin. "This section shall be construed to secure its full benefit to debtors and to advance

---

[2] The parties agree that, under Wis. Stat. § 766.31, Mrs. McCarthy possesses a present undivided one-half interest in the duplex as marital property. Accordingly, if this court finds that the McCarthys owned and operated the duplex as a partnership each spouse would be entitled to a $15,000 exemption.

2

the humane purpose of preserving to debtors and their dependents the means of obtaining a livelihood, the enjoyment of property necessary to sustain life and the opportunity to avoid becoming public charges." Wis. Stat. § 815.18(1) (2015). However, "'the rule of liberal construction of exemption laws does not permit a plain disregard of the legislative mandate by extending exemptions to beyond what is embraced in the statute,'" and, accordingly, "'the starting point for statutory construction is the language of the statute itself.'" *In re Goodreau*, No. 13-11713, 2013 WL 68060761, at *1 (Bankr. W.D. Wis. Dec. 27, 2013) (quoting *In re Lark*, 438 B.R. 652, 655-656 (Bankr. W.D. Wis. 2010)).

Wis. Stat. § 815.18(3) provides:

(3) Exempt Property. The debtor's interest in or right to receive the following property is exempt, except as specifically provided in this section and ss. 70.20 (2), 71.91 (5m) and (6), 74.55 (2) and 102.28(5):

(b) *Business and farm property*.

1. Equipment inventory, farm products, and professional books used in the business of the debtor or the business of a dependent of the debtor, not to exceed $15,000 in aggregate value.

2. If the debtor does not claim an exemption under subd. 1., any interest of the debtor, not to exceed $15,000 in aggregate value, in a closely held business that employs the debtor or in whose business the debtor is actively involved.

Wis. Stat. § 815.18 (2015). Further, Wis. Stat. § 815.18(2) provides that:

(2) Definitions. In this section:

(bc) "Closely held business" means a corporation whose stocks are held by not more than 25 individuals, a partnership of not more than 25 partners who are individuals, or a limited liability company of not more than 25 members who are individuals.

*Id.*

The trustee contends that Mrs. McCarthy "is not actively involved in the operation of the duplex as a business," but is instead "actively involved in the operation of TPC Investments, LLC," and that the McCarthys' formation of TPC defeats the existence of a partnership. However, the McCarthys' partnership may very well use TPC's corporate form as an "instrumentality of the partnership," and Mrs. McCarthy may well be actively involved in the business of both the partnership and TPC concurrently. *McDonald v. McDonald*, 192 N.W.2d 903, 908, 910 (Wis. 1972). Neither possibility necessarily defeats the existence of a partnership. *See id.* at 908-910; *Jolin v. Oster*, 172 N.W.2d 12, 17 (Wis. 1969). But, as the parties claiming that a partnership exists, the McCarthys still bear the burden of demonstrating that they have met the necessary requirements for partnership formation. *Tralmer Sales and Service, Inc. v. Erickson*, 521 N.W.2d at 187 (citing *Heck & Paetow Claim Serv., Inc. v. Heck*, 286 N.W.2d 831, 836 (1980)).

Wis. Stat. § 178.03 defines a partnership as: "an association of 2 or more persons to carry on as co-owners a business for profit . . . ." Wis. Stat. § 178.03 (2015). Wisconsin case law has established four elements that these persons must establish to create a partnership: "The parties must (1) intend to form a bona fide partnership and accept the accompanying legal requirements and duties, (2) have a community of interest in the capital employed, (3) have an equal voice in the partnership's management, and (4) share and distribute profits and losses." *Tralmer Sales and Service, Inc. v. Erickson*, 521 N.W.2d at 187 (citing *Skaar v. Dep't. of Revenue*, 211 N.W.2d at 645).

However, "[t]he ultimate and controlling test as to the existence of a partnership is the parties' intention of carrying on a definite business as co-owners. Such intention may be determined from the terms of the parties' agreement or from their conduct under the

4

circumstances of the case." *Heck & Paetow Claim Serv., Inc. v. Heck*, 289 N.W.2d at 836. Further, "[w]hether the . . . spouses intended to form a partnership is a factual inference to be drawn from the established facts." *Michek v. Wis. Dep't of Revenue*, 393 N.W.2d 799 (Wis. Ct. App. 1986). Additionally, while a court "may consider a party's treatment of income for tax purposes as evidence of intent," this is but one factor in the analysis, and is not dispositive. *Johnson/Swingen/Atterbury v. Sandell*, 393 N.W.2d 547 (Wis. Ct. App. 1986); *see Smith v. Ryan*, 618 N.W.2d 273 (Wis. Ct. App. 2000).

The evidence in this case supports the finding that the McCarthys, as "2 or more persons," have associated to carry on the rental business as "co-owners [of] a business for profit." The McCarthys pooled their resources to purchase the duplex and form the business, share in the management decisions regarding the business, and, per their joint tax returns, share and distribute profits and losses stemming from the business. However, the trustee takes issue with the McCarthys' intent, citing *Tralmer* and *Skaar* for the proposition that the failure to file partnership tax returns is strong evidence of not intending to be partners.

But, context is crucial here. *Skaar* found no partnership prior to Wisconsin's adoption of the Wisconsin Uniform Marital Property Act in 1986. Prior to adoption of that act, Wisconsin did not allow married individuals who filed jointly to effectively split their income, as did the federal system. So, tax devices intended to effectuate the prohibited split were "closely scrutizine[d] . . . so as to determine whether or not for Wisconsin income tax purposes a bona fide partnership exist[ed]." *Id.* at 645; *see id.* ("'[T]ransactions between husband and wife calculated to reduce family taxes should always be subjected to special scrutiny.'") (quoting *Commissioner of Internal Revenue v. Tower*, 327 U.S. 280, 291 (1946)). We are not dealing with potential tax evasion here.

5

In as much as *Skaar* is a decision analyzing the existence of a spousal partnership for state tax purposes couched in a presumption against the taxpayers, it is of little force. Similarly, although *Tralmer* analyzed the existence of a spousal partnership in the context of what is now § 815.18(3)(b)(1), it's reliance on *Skaar* limits its value. *Tralmer*, 521 N.W.2d at 187 (citing *Skaar*, 211 N.W.2d at 645)). Further, the *Tralmer* court was asked to determine whether the debtors had formed a partnership to run a B&B, in which case they would not be entitled to an exemption, or if the wife had run the B&B as a business individually, in which case the debtors would be entitled to an exemption under § 815.18(3)(b)(1).[3] Thus, *Tralmer*'s conclusion that no partnership existed was buttressed by the liberal presumption in favor of the debtor's claimed exemption. *Id.* at 185-186; *See* Wis. Stat. § 815.18(1). Here, the liberal presumption favors the existence of a partnership.

The trustee has failed to rebut the McCarthys' critical testimony that they intended to purchase the duplex and carry on the rental business as co-owners. As noted, the incorporation of TPC as an instrumentality of the partnership is permitted, and the McCarthys' failure to file partnership tax returns, though marginally relevant, is insufficient to defeat the McCarthys' assertion that they operated a partnership.

Upon the foregoing, which constitutes my findings of fact and conclusions of law, the McCarthys are entitled to their claimed exemption and the trustee's objection must be overruled. It may be so ordered.

Dated: May 17, 2016

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

---

[3] Wis. Stat. § 815.18(3)(b)(2) was added to § 815.18(3)(b) in 2009. Prior to its adoption, only individual debtors could claim the business exemption provided for by what is now § 815.18(3)(b)(1).

6